UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW RICHARD PALMIERI,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Civil Action No. 12-1403 (JDB) |

## MEMORANDUM OPINION

Plaintiff Matthew Richard Palmieri, a former contractor for the United States, had his security clearance revoked following a government investigation into his activities abroad. In response, Palmieri brought a 30-count civil action against various government agencies and officials, alleging constitutional and statutory violations arising out of the investigation, the subsequent administrative hearing, the loss of his security clearance, and the government's responses to his document requests. After two prior opinions by this Court, just two counts remain. Summary judgment will now be granted to the government on both.

Palmieri's remaining counts assert that the Office of Naval Intelligence (ONI) and the Office of Personnel Management (OPM) have denied him access to records that they are required to disclose under the Freedom of Information and Privacy Acts. See Am. Compl. [ECF No. 14] at 122–25 (count 23 as to ONI); id. 133–36 (count 26 as to OPM). The Court denied the agencies' earlier motion for summary judgment because there were genuine questions of material fact as to the adequacy of ONI's search for records and the basis for several of OPM's redactions. See June 16, 2016, Mem. Op. [ECF No. 69] at 6–7, 15–17. Now that the agencies have submitted supplemental declarations as required by the Court, these open questions have been resolved.

1

ONI has now demonstrated beyond material doubt that it conducted an adequate search for records responsive to Palmieri's request. "The adequacy of an agency's search is measured by a standard of reasonableness and is dependent upon the circumstances of the case." Weisberg v. U.S. Dep't of Justice, 705 F.2d 1344, 1351 (D.C. Cir. 1983) (internal quotation marks and citation omitted). An agency must "demonstrate beyond material doubt that its search was reasonably calculated to uncover all relevant documents." Valencia–Lucena v. U.S. Coast Guard, 180 F.3d 321, 325 (D.C. Cir. 1999) (internal quotation marks omitted). "A reasonably detailed affidavit, setting forth the search terms and the type of search performed[,] is necessary to afford a FOIA requester an opportunity to challenge the adequacy of the search and to allow the district court to determine if the search was adequate in order to grant summary judgment." DeBrew v. Atwood, 792 F.3d 118, 122 (D.C. Cir. 2015) (internal quotation marks and alteration omitted).

ONI's supplemental declaration, which describes a new search of the agency's records, satisfies this standard. The declaration addresses the structure of the agency, Am. Decl. of Jeana D. Watson [ECF No. 70-2] ¶ 2, how the agency selected components to search, id. ¶ 5, and how the search was conducted, including the search terms that were used, id. ¶¶ 7–10. The declaration also details efforts to locate a record of particular interest to Palmieri: a "summer 2009 'post-travel debriefing'" by Deborah Stickney. See id. ¶¶ 4(d), 5(c), 7 & 10; Pl.'s More Definite Statement [ECF No. 54] at 1–2. In an attempt to locate such a record, ONI reached out to Stickney, who is no longer affiliated with the agency. See Am. Decl. of Jeana D. Watson ¶ 10. Stickney believed that the agency would be unlikely to have a record of her debriefing, because no ONI file was created for Palmieri. Id.

Palmieri's memorandum opposing summary judgment has nothing to say about ONI's search, even though that is the only issue still pending before the Court as to the agency. Instead,

Palmieri returns to an old complaint: that Stickney violated the Privacy Act when she created and disseminated a record "concerning [his] activities guaranteed by the First Amendment," notwithstanding the fact that ONI was prohibited from collecting such information. See Pl.'s Supp. Mem. Concerning Issues in Dispute [ECF No. 71] at 3–6. That allegation, completely distinct from the record request at issue here, was the basis for the first count of Palmieri's amended complaint. See Am. Compl. at 42–45. But that count was dismissed almost two years ago for lack of jurisdiction because its adjudication "would require this Court to question discretionary agency decisions regarding a security clearance investigation, suspension, and revocation." Nov. 3, 2014, Mem. Op. [ECF No. 51] at 10–11 & n.5 (citing Dep't of Navy v. Egan, 484 U.S. 518 (1988)). Palmieri has provided no reason why that count should be resurrected now. Accordingly, summary judgment will be granted as to ONI on Palmieri's sole remaining claim related to ONI's search.

OPM is also entitled to summary judgment. OPM's prior motion failed because the agency had not adequately justified several redactions it made based on the Bank Secrecy Act and on behalf of FinCEN, the Financial Crimes Enforcement Network. See June 16, 2016, Mem. Op. at 15–17. Rather than attempting to explain the redactions more fully, OPM has elected to produce the disputed documents to Palmieri in full. Decl. of Michelle L. Perry [ECF No. 70-1] ¶ 6. Any controversy as to these documents is therefore moot. See Boyd v. U.S. Dep't of Justice, 475 F.3d 381, 385 n.1 (D.C. Cir. 2007). And because only that controversy stood between OPM and summary judgment, summary judgment for OPM will now be granted.

Once again, Palmieri attempts to resist summary judgment by raising arguments outside the scope of the present dispute. First, he contends that OPM's recent production demonstrates that other responsive documents are missing. See Pl.'s Supp. Mem. Concerning Issues in Dispute at 2–3. But the Court has already granted summary judgment for OPM on the adequacy of its

search and rejected several iterations of Palmieri's "missing records" argument. See June 16, 2016, Mem. Op. at 14–15. Palmieri also contends that OPM has violated the Bank Secrecy Act (BSA). According to Palmieri, information collected under the BSA cannot be used in connection with security clearance investigations. By obtaining and disseminating such information in his case, Palmieri argues, OPM violated that prohibition. See Pl.'s Mem. Concerning Issues in Dispute at 1–2.

There are several reasons to reject Palmieri's argument. The first is that he did not allege any violations of the BSA in his amended complaint. Although pro se plaintiffs are sometimes permitted to amend their complaints through subsequent briefing, see Richardson v. United States, 193 F.3d 545, 548–49 (D.C. Cir. 1999), such amendment is unwarranted here—at the tail end of a case where Palmieri has filed and fully litigated a 30-count amended complaint. In any event, Palmieri's BSA claim would fail on the merits. Private parties do not have a cause of action to enforce the BSA. See AmSouth Bank v. Dale, 386 F.3d 763, 777 (6th Cir. 2004); James v. Heritage Valley Fed. Credit Union, 197 F. App'x 102, 106 (3d Cir. 2006) (nonprecedential); In re Agape Litig., 681 F. Supp. 2d 352, 360 (E.D.N.Y. 2010). And Palmieri offers no reason to believe that BSA information cannot be used in security clearance investigations. The Act declares that BSA information may be used in "regulatory investigations or proceedings." 31 U.S.C. § 5311. A security clearance investigation surely fits within that category. Cf. Egan, 484 U.S. at 529 ("[T]he protection of classified information must be committed to the broad discretion of the agency responsible, and this must include broad discretion to determine who may have access to it."). The BSA, therefore, provides no reason for the Court to deny summary judgment to OPM.

For all the reasons stated above, the Court will grant summary judgment for defendants on Palmieri's remaining FOIA and Privacy Act claims against ONI and OPM. As those claims are

the only ones remaining in dispute following earlier orders of the Court, this case will now be dismissed.

A separate Order has issued on this date.

/s/
JOHN D. BATES
United States District Judge

Dated: September 21, 2016